# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY GRACIA, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-cv-01137 |
| v. | : | |
| | : | (Judge Rambo) |
| LUKE CRONAUER, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

On July 4, 2018, the Court received and docketed a civil complaint pursuant to 42 U.S.C. § 1983 from pro se Plaintiff Anthony Gracia ("Plaintiff"), a prisoner currently confined at the Mahanoy State Correctional Institution, Frackville, Pennsylvania ("SCI-Mahanoy"). (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed in forma pauperis (Doc. No. 2), along with a signed prisoner authorization form (Doc. No. 3). Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court will perform its mandatory screening of the complaint.

**I.  BACKGROUND**

Plaintiff's complaint sets forth the following three individuals as Defendants: Deputy Superintendent for Facility Management Luke Cronauer, Secuirty Department Supervisor, and Security Lieutenant Biscoe. (Doc. No. 1 at 1.) On June 28, 2018, Plaintiff filed a letter requesting that Deputy Superintendent Bernadette Mason also be added as a Defendant in this action. (Doc. No. 9.) Plaintiff alleges that in November of 2017, while at SCI-Mahanoy, he approached

security and requested protection because he believed that he was in immediate danger of physical harm in "Zone 2" of the prison. (Doc. No. 1 at 2.) Plaintiff claims that Defendant Biscoe "wrote [Plaintiff] up" for refusing to "lock in." (Id. at 3.) Plaintiff alleges that when Defendant Cronauer was made aware, he moved Plaintiff to "Zone 1." (Id.) However, Plaintiff avers that on March 8, 2018, he was placed back in "Zone 2" by Defendant Cronauer, where he was "assaulted the following day by multiple inmates." (Id.) Plaintiff requests one million dollars in damages. (Id.)

## II. LEGAL STANDARD

### A. Screening of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or

on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and

Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters

of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**B.    42 U.S.C. § 1983 Standard**

In order to state a viable claim under § 1983, a plaintiff must plead: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that said conduct deprived the plaintiff of a right, privilege, or

5

immunity secured by the Constitution or laws of the United States.  Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990); Richardson v. Min Sec Cos., Civ. No. 08-1312, 2008 WL 5412866, at *1 (M.D. Pa. Dec. 29, 2008).  Moreover, in order for a § 1983 claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009).

Therefore, supervisors cannot be liable under § 1983 under the traditional standard of respondeat superior.  Santiago, 629 F.3d at 128.  Instead, there are two theories of supervisory liability that are applicable to § 1983 claims:  (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'"  A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004).

## III. DISCUSSION

While Plaintiff names a total of four Defendants in this action, the complaint only contains averments against Defendant Cronauer and Biscoe. (Doc. No. 1 at 2, 3.) Specifically, Plaintiff claims that when he informed Defendant Biscoe that he was in immediate danger, rather than address Plaintiff's concerns, Defendant Biscoe "wrote [Plaintiff] up" for refusing to "lock in." (Id.) Ostensibly, shortly thereafter, Defendant Cronauer moved Plaintiff from Zone 2 to Zone 1 once Defendant Cronauer was made aware that Plaintiff was in "immediate danger." (Id.) However, Plaintiff claims that Defendant Cronauer moved Plaintiff back to Zone 2 on March 8, 2018 where he was assaulted the following day. (Id.)

The Court finds that Plaintiff has failed to allege any facts suggesting the personal involvement of either the unnamed Security Department Supervisor or Bernadette Mason, and this form of pleading is patently inadequate since it fails to allege facts against these Defendants identifying how they engaged in any misconduct or how and when they were involved in the alleged wrongdoing. See Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case and because complaint did not provide any basis for a claim against him). Accordingly the Security Department Supervisor and Bernadette Mason will be dismissed from this action without prejudice.

With regard to Plaintiff's claim, the Court interprets Plaintiff's complaint as alleging a failure to protect claim pursuant to the Eighth Amendment. (Doc. No. 1 at 3.) "The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against the 'unnecessary and wanton infliction of pain' " and "impose[s] a duty upon prison officials to take reasonable measures 'to protect prisoners from violence at the hands of other prisoners.' " Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)); Whitley v. Albers, 475 U.S. 312, 319 (1986). Although "[i]t is not … every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for a victim's safety," "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 345 (1981)). Accordingly, a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer, 411 U.S. at 828.

"In order for a plaintiff to prove a constitutional violation in a failure-to-protect case, a claimant must demonstrate that: (1) he is 'incarcerated under conditions posing a substantial risk of serious harm;' and (2) the prison officials acted with 'deliberate indifference to his health and safety.'" Ogden v. Mifflin Cty., No. 1:06-cv-2299, 2008 WL 4601931 (M.D. Pa. 2008) (citing Farmer, 511

U.S. at 834). Deliberate indifference requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). Finally, the plaintiff must show that "the official's deliberate indifference caused the harm." Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2010).

Moreover, liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1017, 1082 (3d Cir. 1976)). In Capone, the court noted "that supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct." 868 F.2d at 106 n.7. The plaintiff must allege that the defendant was personally involved in the events or occurrences that underlie the claim. See Atkinson v. Taylor, 316 F.3d 257, 270-71 (3d Cir. 2003); Rode, 845 F.2d at 1207 ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown

9

through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.").

Accepting the allegations as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has stated a plausible claim that Defendants Biscoe and Cronauer violated their constitutional duty to protect Plaintiff from inmate violence. Accordingly, this claim survives screening. See Bistrian, 696 F.3d at 368-71 (concluding that plaintiff stated plausible failure to protect claim where he alleged, inter alia, that he advised prison officials that he had been threatened by a violent inmate who later attacked him).

Finally, given that the federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits[,]" Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted), the Court will defer service of the complaint for twenty (20) days to permit Plaintiff leave to file an amended complaint to include specific allegations against the Security Department Supervisor and/or Bernadette Mason, if he so chooses. Should Plaintiff elect to file an amended complaint, he is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth his claims

in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint that the Court has found to be adequately pled in the current complaint because the amended complaint will supercede the original complaint. See Knight v. Wapinsky, No. 12-cv-2023, 2013 WL 786339, at *3 (M.D. Pa. Mar. 1, 2013) (stating that an amended complaint supersedes the original complaint). Because an amended complaint supersedes the original pleading, all causes of action alleged in the original complaint that are omitted from the amended complaint will be deemed waived. Id. (citations omitted). If Plaintiff does not to file an amended complaint within twenty days, the Court will direct service of the complaint on the remaining Defendants.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2), will be granted and Defendants Security Department Supervisor and Bernadette Mason will be dismissed from this action without prejudice. Plaintiff will be granted leave to file an amended complaint to include

11

specific allegations, if any, against these two individuals.  The Court will defer service of the original complaint for twenty (20) days.  If Plaintiff does not file an amended complaint within that time, the Court will direct service of the complaint on the remaining Defendants.  An appropriate order follows.

       s/Sylvia H. Rambo
       SYLVIA H. RAMBO
       United States District Judge

Dated: September 12, 2018