IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY GRACIA,  :
    Plaintiff  :
        :    No. 1:18-cv-01137
   v.  :
        :    (Judge Rambo)
LUKE CRONAUER, et al.,  :
    Defendants  :

## **MEMORANDUM**

### I.   BACKGROUND

On June 4, 2018, the Court received and docketed a civil complaint filed by pro se Plaintiff Anthony Gracia ("Plaintiff"), pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On September 12, 2018, the Court screened the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), and dismissed the complaint in part, and granted Plaintiff twenty days leave to file an amended complaint. (Doc. Nos. 10, 11.) Plaintiff's amended complaint was due on October 2, 2018. (Doc. No. 11.) On September 24, 2018, the Court's September 12, 2018 Order was returned as undeliverable and unable to forward. (Doc. No. 13.) To date, Plaintiff has not filed an amended complaint or provided the Court with an updated address. For the reasons set forth below, the matter will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II. DISCUSSION

This Court's June 6, 2018 Order and Local Rule 83.18 places an affirmative obligation on Plaintiff to provide the Court with an address where he can be reached. Failure to provide a current address in violation of Rule 83.18 permits the Court to conclude that Plaintiff has abandoned the litigation, and in these circumstances, dismissal of the action for failure to abide by court orders or the rules of court is fully justified. See, e.g., Juaqueee v. Pike Cty. Corr. Facility Employees, No. 3:12-cv-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); Hobson v. Harris, No. 1:17-cv-205, 2018 WL 3448500, at *2 (M.D. Pa. June 7, 2018).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." District courts have the inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). In the instant case, Plaintiff has failed to both prosecute this action and to comply with the Court's June 6, 2018 Order, as he has not updated his address and has failed to file an amended complaint. Moreover, Plaintiff has not contacted the Court in nearly four months, and has not provided the Court with an avenue for contacting him because he has not left a forwarding address. When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court

must balance six (6) factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009).

As to the first factor, it is Plaintiff's sole responsibility to comply with Court orders. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Winston v. Lindsey, Civ. No. 09-224, 2011 U.S. Dist. LEXIS 137022, at *6 (W.D. Pa. Nov. 30, 2011) (concluding that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims"). Plaintiff was specifically warned that his failure to keep the Court apprised of his current address would result in the dismissal of this action. (Doc. No. 6.) To date, Plaintiff has not complied with this directive. This factor weighs in favor of dismissal.

As to the second factor, the prejudice to the adversary, Plaintiff's failure to litigate this case or comply with Court orders now wholly frustrates and delays the

3

resolution of this action. In such instances, the adversary is plainly prejudiced by Plaintiff's inaction and abandonment, and dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal).

Examining the third factor, a history of dilatoriness, Plaintiff has failed to inform the Court of his current address. As is clear from the procedural background of this case, Plaintiff has not communicated with the Court since filing a June 28, 2018 letter to the Court. (Doc. No. 9.) A pro se plaintiff has the affirmative obligation to keep the Court informed of his address. (See Doc. No. 6.) Plaintiff's failure to provide the Court with an updated address as required by the June 6, 2018 Order (id.), coupled with his failure to file an amended complaint, indicates an intent not to continue with this litigation. See Pozoic v. Cumberland Cty. Prison, Civ. No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); Bush v. Lackawanna Cty. Prison, Civ. No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017). This factor also weighs in favor of dismissal.

The Court finds that the fourth factor, whether Plaintiff's conduct was willful or in bad faith, also weighs in favor of dismissal. Plaintiff's failure to abide by Court Orders "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work Release, Civ. No. 10-1657, 2010 U.S. Dist. LEXIS 128400, at *5-6 (M.D. Pa. Dec. 6, 2010).

An examination of the fifth factor, effectiveness of sanctions other than dismissal, reveals that no other sanction is a "viable alternative since this action cannot proceed without Plaintiff's participation and an updated address. Pozoic, 2012 WL 114127, at *4 (citing Purveegiin v. Gonzalez, Civ. No. 07-1020, 2009 U.S. Dist. LEXIS 34550, at *4 (M.D. Pa. Apr. 23, 2009))  Additionally, confronted by a pro se litigant who will not comply with the rules or Court orders, the Court finds that lesser sanctions may not be an effective alternative.  See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008).

Regarding the sixth factor, the meritoriousness of the claim, the Court finds that consideration of this factor could not save Plaintiff's claims, since he is now wholly non-compliant with his obligations as a litigant, i.e., he has failed to file an amended complaint and has disregarded this Court's Order cautioning him of his obligation to keep the Court apprised of his current address and the consequences of his failure to do so.  (Doc. No. 6.)  Furthermore, it is well-settled that "'no single Poulis factor is dispositive,' . . . [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'"  Briscoe, 538 F.3d at 263.

Accordingly, upon balancing the Poulis factors, the majority of the six factors weigh heavily in favor of dismissal of this action.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. An appropriate Order follows.

Dated: October 10, 2018

S/Sylvia H. Rambo
United States District Judge